## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **CLAIRE ROBERTA GORTNER,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **No. 2:23-mc-00079-NT** |
| ) | |
| **CARRINGTON MORTGAGE** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendant** ) | |

### RECOMMENDED DISMISSAL

Claire Roberta Gortner has initiated this action seeking to register a foreign judgment against Carrington Mortgage Services, LLC. *See* ECF No. 1. The foreign judgment in question is, in fact, just an affidavit signed and sworn to by Gortner herself. *See* ECF No. 1-4. With all the hallmarks of a so-called sovereign citizen, Gortner sets forth a great deal of nonsensical legal jargon in support of her request to register her purported foreign judgment, including that it was rendered "by authority of Post Office or Post Box." ECF No. 1 at 1.

Notwithstanding any adjudicative authority conferred on Gortner by a mail receptacle, this Court cannot register her self-created "judgment" because it only has jurisdiction to register certified copies of out-of-district judgments "entered in any court of appeals, district court, bankruptcy court, or in the Court of International trade." 28 U.S.C. § 1963; *see Jolivette v. Super. Ct. of Calif.*, No. 2:21-cv-0332-KJM-EFB P, 2021 WL 2634724, at \*1-2 (E.D. Cal. June 25, 2021) (rec. dec.) (dismissing a plaintiff's request to register a judgment from a purported "Adjudicator

1

Court" because federal district courts lack jurisdiction under Section 1963 to register "judgments from unknown entities"), *aff'd*, 2021 WL 4451092 (E.D. Cal. Sept. 28, 2021); *Phillips-Addis v. Ward*, No. 1:20-cv-699, 2020 WL 7067621, at *4 (W.D. Mich. Dec. 3, 2020) (rejecting a plaintiff's "sovereign citizen" request to register a judgment because of the plaintiff's "disregard for the requirement that a judgment from another court" actually "exist").

Moreover, even if there were some other basis for this Court to exercise jurisdiction over this action, Gortner cannot proceed because her pleadings are based on sovereign citizen legal theories that federal courts across the country have consistently rejected as frivolous. *See U.S. Bank N.A. v. Janelle*, No. 2:20-cv-00337-JAW, 2021 WL 4847901, at *7-8 (D. Me. Oct. 18, 2021) (describing the various hallmarks of sovereign citizen pseudolitigation and decrying the "widespread practice of pro se litigants submitting court filings that are nothing more than a collection of legal-sounding but false rules that purport to be law" (cleaned up)); *Libertad v. Massachusetts*, No. 1:21-cv-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) ("Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—such sovereign citizen claptrap has been rejected over and over." (cleaned up)); *cf. Baldi v. Mueller*, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010) ("A district court may dismiss a complaint *sua sponte*, regardless of whether or not payment of the filing fee has been received, where the

allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption.").

For these reasons, I recommend that the Court **DENY** Gortner's request to register her purported foreign judgment and **DISMISS** this action in its entirety.

### _NOTICE_

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: March 3, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge